**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 21 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CORNELIUS GEROME MOORE, | No. 10-17646 |
| Petitioner-Appellant, | D.C. No. 2:98-cv-01625-WBS-JFM |
| v. | |
| WILLIAM DUNCAN, Warden; STATE OF CALIFORNIA, | MEMORANDUM[*] |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Submitted November 14, 2011[**]
San Francisco, California

Before: HAWKINS and M. SMITH, Circuit Judges, and DUFFY, District Judge.[***]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Cornelius Gerome Moore ("Moore") appeals the district court's denial of his 28 U.S.C. § 2254 petition challenging his guilty plea in California state court to the crimes of burglary of an inhabited dwelling, robbery, assault with intent to commit the felony of oral copulation and taking a vehicle without the owner's consent. Specifically, Moore challenges 1) the district court's judgment that his guilty plea was voluntary and 2) the district court's rejection of his claim that his trial counsel provided ineffective assistance in failing to advise him concerning possible mental health defenses. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253 and we affirm.

As the facts and procedural history are familiar to the parties, we do not recite them here except as necessary to explain our disposition. We review de novo the district court's denial of a petition for writ of habeas corpus. *Lopez v. Thompson*, 202 F.3d 1110, 1116 (9th Cir. 2000) (en banc). Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which governs Moore's petition, "[f]ederal habeas relief may not be granted for claims subject to § 2254(d) unless it is shown that the earlier state court's decision 'was contrary to' federal law then

*** The Honorable Kevin Thomas Duffy, United States District Judge for the Southern District of New York, sitting by designation.

2

clearly established in the holdings of this Court; . . . or that it 'involved an unreasonable application of' such law; or that it 'was based on an unreasonable determination of the facts' in light of the record before the state court." *Harrington v. Richter*, 131 S. Ct. 770, 785 (2011) (quoting 28 U.S.C. § 2254(d)) (citations omitted). "Factual findings and credibility determinations made by the district court in the context of granting or denying the petition are reviewed for clear error." *Lambert v. Blodgett*, 393 F.3d 943, 964 (9th Cir. 2004).

Both of Moore's claims in the district court's certificate of appealability must be treated under the *Strickland v. Washington*, 466 U.S. 668, 688 (1984), standard regarding ineffective assistance of counsel. In order to succeed on these claims, Moore must show that "his counsel provided deficient assistance and that there was prejudice as a result." *Harrington*, 131 S. Ct. at 787. Both the state court and the district court explicitly found that Moore has failed to show facts sufficient to satisfy the prejudice element, namely that there is a reasonable probability that "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Smith v. Mahoney*, 611 F.3d 978, 986 (9th Cir. 2010) (citation omitted).

Here, the state court found that the evidence in the record failed to demonstrate that Moore could have proven that he was not guilty by reason of

3

insanity by a preponderance of the evidence due to the contradictory and speculative nature of Moore's alleged mental illness. Further, the district court, after carefully analyzing Moore's psychiatric history, held that the state court's determination that Moore was not prejudiced was not unreasonable under § 2254, as the record "is equivocal about the role that illness played in [Moore]'s intent the night of the crimes, or his capacity to know and understand what he was doing that night, or his ability to distinguish right from wrong when he broke into the victim's house and committed the crimes to which he pleaded guilty." Because we do not find that these "[f]actual findings and credibility determinations made by the district court in the context of granting or denying the petition" are clearly erroneous, *Lambert*, 393 F.3d at 964, we AFFIRM the district court's denial of Moore's petition for habeas relief.

**AFFIRMED.**